**WO** MDR

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Harold Eugene Markland,

Plaintiff,

vs.

Darron Udd, et al.,

Defendants.

No. CV 07-942-PHX-SMM (MEA)

**ORDER**

On May 7, 2007, Plaintiff Harold Eugene Markland, who is confined in the Arizona State Prison Complex-Yuma in Yuma, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, as well as an incomplete Application to Proceed *In Forma Pauperis*. In a May 18, 2007 Order (Doc. #3), the Court denied Plaintiff's incomplete Application to Proceed and gave Plaintiff 30 days to pay the $350.00 civil action filing fee or file a complete Application to Proceed *In Forma Pauperis*.

On June 6, 2007, Plaintiff filed a second Application to Proceed *In Forma Pauperis* (Doc. #4). On June 14, 2007, he filed a certified statement of his inmate account (Doc. #5). The Court will grant the second Application to Proceed and will dismiss the action.

## I. Second Application to Proceed *In Forma Pauperis* and Filing Fee

Plaintiff's second Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's

income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). Plaintiff's Complaint will be dismissed without leave to amend because the defects cannot be corrected.

## III. Complaint

In his five-count Complaint, Plaintiff sues the following employees of the Phoenix Police Department: Lead Detective Darron Udd, Officer Steven Behie, Officer Jay Krook, Officer Richard Pheifer, Officer Daniel Strass, and Officer Hieu Le.

In each count, Plaintiff alleges a violation of his rights under the Fifth and Fourteenth Amendments. In Count One, Plaintiff alleges Defendant Udd falsified police reports and perjured himself before the grand and petit juries. In Count Two, Plaintiff asserts that Defendant Behie lied in his police report, failed to collect exculpatory evidence, and tampered with evidence. In Count Three, Plaintiff contends that Defendants Krook, Pheifer, and Behie had inconsistent stories in their police reports, failed to collect exculpatory evidence, and conducted an illegal search and seizure of a stolen motorcycle frame.

In Count Four, Plaintiff alleges that Defendants Strass and Udd violated his Miranda[1] rights, committed perjury, and filed false police reports. In Count Five, Plaintiff contends that Defendant Le provided false testimony and perjured himself while testifying at Plaintiff's trial. In his Request for Relief, Plaintiff seeks monetary damages.

**IV. Failure to State a Claim**

The Supreme Court has held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (emphasis in original) (footnote omitted).

Therefore, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Id. at 487. If it would, the complaint must be dismissed if the conviction or sentence has not already been invalidated. Id.

Here, Plaintiff's claims imply that his criminal sentence was invalid. Because Plaintiff has not demonstrated that his conviction or sentence has been reversed, expunged, or declared invalid, Plaintiff's claims are barred by Heck. The Court will therefore dismiss his Complaint for failure to state a claim.

**IT IS ORDERED:**

(1) Plaintiff's second Application to Proceed *In Forma Pauperis* (Doc. #4) is **GRANTED**.

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3) The Complaint (Doc. #1) is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(4) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g).

DATED this 26th day of June, 2007.

Stephen M. McNamee
United States District Judge